IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| MURRY MALONE BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:16-cv-8017-LSC |
| | ) | (7:13-cr-00149-LSC-JEO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Murry Malone Bailey ("Bailey"), moves, *pro se*, for habeas relief pursuant to 28 U.S.C. § 2255. (Doc. 1). The United States opposes his motion. (Doc. 6.) For the following reasons, the motion is due to be denied as without merit, and no evidentiary hearing is warranted.

**I.    Background**

Bailey was indicted in 2013 on four counts of sexual exploitation of a minor for the production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Bailey was represented by appointed counsel from the Federal Public Defenders Office in the Northern District of Alabama.

On July 29, 2013, Bailey signed, and his attorneys filed with this Court, a Waiver of Right to Jury Trial. (Doc. 53.) The Government did not oppose Bailey's request for a bench trial. Prior to trial, this Court engaged in a detailed *ex parte* colloquy with Bailey wherein Bailey indicated he wished to waive his right to a jury trial and that he believed the waiver was in his best interest. This Court thus granted Bailey's request to be tried without a jury.

At the bench trial, the Government introduced video tapes of Bailey's crimes that corresponded to the four charges in the indictment of sexual exploitation of a minor to produce child pornography. At the trial's conclusion, this Court orally adjudged Bailey guilty as to all counts and subsequently entered a written order documenting its findings of fact. (Doc. 56.) The following facts are among those found by this Court. Prior to the occasions made the subject of the video tapes submitted into evidence, Bailey had molested, sodomized, and sexually abused the child victim. On several occasions Bailey video-recorded the child victim, who was no more than sixteen (16), after leaving her notes instructing where and when to masturbate in the family home. From his workshop, Bailey viewed and made video recordings of the masturbation with the intent to watch the videos later, storing the videos on VHS tapes and on his laptop. Bailey was seen in one video giving the child victim money in order to induce her to masturbate. Bailey is also heard on the

same recording, out of her hearing, telling her that she had better hurry up and masturbate.

This Court sentenced Bailey to a total of 720 months' imprisonment: 360 months as to counts one through three, separately, to be served concurrently with each other; plus 360 months as to count four, to be served consecutively to counts one through three; and 120 months as to count five, to be served concurrently with counts one through four. Judgment was entered on January 7, 2014. (Doc. 66.)

Bailey appealed. He was again represented by appointed counsel from the Federal Public Defenders Office. On appeal, he argued that his indictment was insufficiently clear and that there was insufficient evidence to support his conviction on one of the counts of production of child pornography. More specifically, Bailey argued that the language used in the indictment in counts one through four was identical with the exception of the time frame in which the alleged crime occurred, and because there was overlap in those time periods, he had insufficient factual information to tell which count charged the crime depicted in the Government's exhibits one through four, which were the four separate videos that corresponded to each count. Bailey thus argued that he would be unable to invoke the protections of double jeopardy in the event of a future prosecution. The Eleventh Circuit rejected this argument, noting that Bailey had viewed the videos

and knew well before trial which of the four video images was charged in each count, and that the images on the four videos were distinctive and readily distinguishable from the others. The court thus concluded that Bailey would have no trouble obtaining double jeopardy protection. Bailey also argued on appeal that count five was defective because it failed to factually identify the specific image charged. The Eleventh Circuit also rejected this argument because Bailey knew well before trial, and actually viewed, the images that appeared on the specific laptop and two VHS tapes that were discussed in count five of the indictment. Finally, Bailey argued that there was insufficient evidence to support his conviction on count four because this Court found that the video tape, exhibit four, did not show the child victim actually masturbating. The Eleventh Circuit rejected this argument as well, agreeing with this Court that the conduct depicted in exhibit four clearly showed Bailey inducing and enticing the child victim to masturbate, which is all that is required by 18 U.S.C. § 2251(a). Accordingly, the Eleventh Circuit affirmed Bailey's convictions and sentence in a published opinion on March 24, 2015. *See United States v. Bailey*, 778 F.3d 1198 (11th Cir. 2015). Bailey did not pursue additional review.

Bailey filed the instant 28 U.S.C. § 2255 motion on March 23, 2016. Bailey asserts three grounds in his motion: 1) counts one through four of the indictment

were multiplicitous in violation of the Double Jeopardy Clause of the Fifth Amendment and both trial counsel and appellate counsel were constitutionally ineffective for failing to raise the issue; 2) count five of the indictment was duplicitous of counts one through four in violation of the Double Jeopardy Clause of the Fifth Amendment and both trial counsel and appellate counsel were constitutionally ineffective for failing to raise the issue; and 3) trial counsel was constitutionally ineffective for advising Bailey to proceed via a bench trial instead of a jury trial.

## II.     Discussion

### A.     Counts one through four of the indictment were not multiplicitous as to violate the Double Jeopardy Clause of the Fifth Amendment, and therefore both trial counsel and appellate counsel were not constitutionally ineffective for failing to raise the issue

Multiplicity occurs when an indictment charges a single offense in separate counts. *United States v. Sirang*, 70 F.3d 588 (11th Cir. 1995). When an indictment contains more than one count charging a violation of the same statute, the inquiry concerns whether Congress intended the different acts underlying each count to constitute a separate offense. *See United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000). "'[W]hether a continuous transaction results in the commission of but a single offense or separate offenses . . . is determined by whether separate and distinct prohibited acts, made punishable by law, have been committed.'" *United*

*States v. Davis*, 730 F.2d 669, 672 (11th Cir. 1984) (quoting *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964)). The unit of prosecution is defined by the "essence," or key element, of the statute. *Bins*, 331 F.2d at 392. The proper unit of prosecution for violations of 18 U.S.C. § 2251(a) is each employment, use, persuasion, inducement, enticement, or coercion of a minor child to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct. *See United States v. Esch*, 832 F.2d 531, 541-42 (10th Cir. 1987) (holding that each use of a minor child to create a visual depiction constitutes a separate and distinct violation, even where multiple photographs are sequentially produced during a single photographing session because each photograph depended upon a separate and distinct use of the child); *United States v. Fee*, 491 F. App'x 151, 157 (11th Cir. 20120 (unpublished) (agreeing with *Esch*); *United States v. Tashbook*, 144 F. App'x 610 (9th Cir. 2005) (unpublished) (two photographs of a minor taken during the same photo shoot can be grounds for two separate offenses under § 2251).

Here, there was no multiplicity issue because counts one through four correspond to four separate offenses, as depicted in four separate videos. Because each video depicted different conduct and clothing, Bailey used a minor to engage

in sexually explicit conduct on four different occasions. The indictment did not charge a single offense in separate counts.

Moreover, to the extent Bailey is using this § 2255 motion to re-litigate arguments already raised and rejected in his direct appeal, he is procedurally barred from doing so. The Eleventh Circuit has already addressed and rejected Bailey's argument that counts one through four violated Bailey's double jeopardy rights, a similar argument to that made here. *See Fee*, 491 F. App'x at 157 ("A multiplicitous indictment violates the Double Jeopardy Clause of the Fifth Amendment because it gives a jury more than one opportunity to convict the defendant for the same offense.") (internal quotation marks omitted). A prisoner is procedurally barred from raising arguments in a § 2255 motion that he has already raised and that were rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks omitted)).

Relatedly, Bailey's ineffective assistance of counsel argument lacks merit. To prevail on a claim of ineffective assistance of counsel, one must show that (1) counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense.

7

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential, with every effort . . . made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 689. Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a defendant must overcome the presumption that the challenged action may be sound trial strategy. *Id.* Thus, "[t]here are countless ways to provide effective assistance in any given case." *Id.* "The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). "[T]he issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." *Id.* (internal quotation marks omitted). Because Bailey's indictment was not multiplicitous as to violate his double jeopardy rights, his meritless assertion to the contrary fails to establish that his trial and appellate counsel's performance in not raising the issue was deficient, that it fell below an objective standard of reasonableness, or that he was prejudiced.

    **B.    Count five of the indictment was not duplicitous as to violate the Double Jeopardy Clause of the Fifth Amendment, and therefore both trial counsel and appellate counsel were not constitutionally ineffective for failing to raise the issue**

Duplicity occurs when an indictment charges two or more separate and distinct crimes in a single count. *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). Bailey's duplicity argument is misconceived. As noted, counts one through four charged Bailey with using, persuading, inducing, enticing, and coercing a child to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Count five charged that Bailey did knowingly possess and access with intent to view a Dell Vastro 1500 laptop computer with serial number HY6KVD1 and two videotapes that contain an image of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1.) Although Bailey argues that he should not have been charged with count five because it was a direct result of counts one through four, violations of 18 U.S.C. § 2251, as charged in counts one through four, do not require the production of an actual image of child pornography be saved on a laptop computer or videotape and knowingly accessed with the intent to view as is required for a violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in count five. *See United States v. Buculei*, 262 F.3d 322, 328 (4th Cir. 2001). There is no duplicity issue because the indictment does not charge two or more separate and distinct crimes in only one count.

Moreover, to the extent Bailey is again using this § 2255 motion to re-litigate arguments already raised and rejected in his direct appeal, he may not do so. *See*

*Nyhuis*, 211 F.3d at 1343. As noted, the Eleventh Circuit has already addressed and rejected Bailey's argument as to his double jeopardy rights.

Additionally, Bailey has not demonstrated that trial and appellate counsel were constitutionally ineffective for failing to raise this issue. Because Bailey's indictment was not duplicitous as to violate his double jeopardy rights, his meritless assertion to the contrary fails to establish that his trial and appellate counsel's performance was deficient, that it fell below an objective standard of reasonableness, or that he was prejudiced. *See Strickland*, 466 U.S. at 687-88.

### C. Trial counsel was not constitutionally ineffective for advising Bailey to proceed via a bench trial instead of a jury trial

Bailey's final argument is wholly contradicted by the record. As noted, this Court held a detailed *ex parte* colloquy with Bailey prior to his trial to ensure that his decision to waive his right to a jury trial was made knowingly, intelligently, and voluntarily. The following exchange occurred and is worth repeating here:

> The Court: Mr. Bailey, why do you want me to allow you to waive your right to a trial by jury?
>
> Bailey: My lawyers think it's the best thing for me.
>
> The Court: What do you think?
>
> Bailey: I respect my lawyers and whatever they say. That's what I want to go along with.

The Court: But see, here's the problem. The right to a trial by jury is extremely important in this country.

Bailey: Yes, sir, I know that.

The Court: There is a wisdom of the 12 people that are in the jury box and make some decisions about your case that really is amazing. The people are able to see the truth often times when just one person, no matter how intelligent they are, or wise, no matter how wise they are, no matter how hard they try, they can't get to it like 12 people sitting in the jury box. Twelve members, 12 peers, if you will, can make that decision.

Bailey: Yes, sir.

The Court: And I don't want you to give up your right to a jury trial unless it is your decision.

Bailey: Yes, sir, it's my decision. I thought about it for—they have talked to me about it, about two weeks ago, and I thought about it, and I am the one that requested it.

The Court: See, because when I asked you, you said, "Well, because my lawyers want it."

Bailey: They seem like it's the best and then I thought about it, and I go along with what they say.

The Court: Why do you go along with what they say? What are the kinds of factors you thought of that make you think, "yeah, this is what I need to do?"

Bailey: It's—I believe it would just be better for me that way.

The Court: Why?

Bailey: Well, because you have seen a lot more than any of the juries have ever seen.

The Court: You talking about like child pornography and things like that?

Bailey: Yes, sir. And some people, you know, look at it different. That's the reason I say I would rather you do it.

The Court: Do you understand that if I grant your request and we start this, there is no changing?

Bailey: Yes, sir, I know that.

The Court: If I ask questions that appear to be contrary to your theory of the case, your side, you can't and ask me to go, well, wait a minute, we want to go back and start a jury trial now.

Do you understand you can't do that?

Bailey: Yes, sir, I know that.

The Court: And, see, here's another concern that I have, Mr. Bailey. If you are convicted in this case—

Bailey: Yes, sir.

The Court: Years down the road when you are sitting in a penitentiary somewhere, you could argue that your lawyers coerced you, tricked you, lied to you, all in an effort to avoid a jury trial. And that if you had just known the truth, you would have requested a jury trial.

Bailey: Yes, sir, I understand that.

The Court: Why should I think that you are not going to do that years from now?

> Bailey: Because I probably won't live that long, your honor. I have got a bad heart, I just ain't got long to live. I know that myself.
>
> The Court: Well, do you understand that your lawyers have an opinion and that it's their opinion, and that there are other lawyers that would frankly say they shouldn't advise you to do this?
>
> Bailey: Yes, sir, I understand it.
>
> The Court: That what they are doing by advising you to waive a trial by jury would be seen, by many people, as a major mistake.
>
> Do you understand that?
>
> Bailey: Yes, sir.

(Doc. 77 at 7-11.) This Court then continued to question Bailey as to whether he was under the influence of any substances that would affect his thinking or whether he was being coerced or was otherwise under duress, to which he responded that he was not. Bailey also affirmed that he had talked to his lawyers fully and completely about the decision, starting about two weeks prior to trial.

The Court then allowed Bailey's attorney to examine Bailey, a portion of which is reproduced here:

> Mr. Threatt: Do you have any concern about what effect seeing the visual depiction of a child masturbating might have on jurors from this community?

13

| | |
|---|---|
| Bailey: | Yes, I do. |
| Mr. Threatt: | What's your concern? |
| Bailey: | I am concerned they wouldn't see, all they will see is that and that's it. They wouldn't see the whole picture. |
| Mr. Threatt: | Are you concerned about what a juror's reaction might be to the profanity? |
| Bailey: | Yes, I am. |
| Mr. Threatt: | What is that concern? |
| Bailey: | Because you get these Baptist people, I ain't got nothing wrong with Baptists, I am a Baptist myself, but these hard core Baptists, they want to turn their eyes away and just, you know, that would be it for me. |
| Mr. Threatt: | Have we also explained the jury selection process to you and how that works? |
| Bailey: | Yes, sir. |
| Mr. Threatt: | Have we explained to you that you don't get to pick your jurors, you get to exclude people? |
| Bailey: | Yes, sir. |
| Mr. Threatt: | Tell the judge what it does. |
| Bailey: | It, you don't, you can just exclude them, you know, and there maybe some on there that I won't do and they wouldn't, I couldn't get, you know, do away with them. So I'd just soon to let it go like we talked about. |
| Mr. Threatt: | And did I also talk with you about the fact that the judge would have the ability to dismiss this case even at a jury trial? |

| | |
|---|---|
| Bailey: | Uh-huh, yes. |
| Mr. Threatt: | And did I talk with you about the standard of proof that would be at that stage? |
| Bailey: | Yes, you did. |
| Mr. Threatt: | Did I also talk with you about the standard of proof that the judge would be deciding your guilt in a bench trial? |
| Bailey: | Yes, sir. |
| Mr. Threatt: | Did I explain what the different between those two are? |
| Bailey: | Yes, sir, you did. |
| Mr. Threatt: | Does that affect your decision? |
| Bailey: | No. |

(*Id.* at 14-16).

Bailey's attorney then explained on the record that he had never had a client in his 26 years of criminal defense practice request to waive his right to a jury trial, and he acknowledged that it was a highly unusual request. However, he explained that in preparing for trial, he and his co-counsel had advised and discussed with Bailey various circumstances unique to his case, among them the chance that the nature of the video evidence, including the images depicted of a child masturbating in the presence of an adult and the profane language used, would inflame the emotions of the jurors, especially those with children or grandchildren; the chance that the Government would call the child victim as a witness and the difficulties

15

inherent in cross-examining a child victim under such circumstances; and the chance that the Government would introduce allegations that Bailey had raped the child victim over a period of five years and that these rapes were associated with force, sodomy, and threats. Bailey's attorney explained that he and his co-counsel believed that the Court would have the ability to consider all of the foregoing and give it the weight that would be appropriate in a manner that a jury might not do, and that they had advised Bailey as such. Bailey's attorney also explained that Bailey feared that potential jurors would be members of his community and that the community might be exposed to things that his family members, who might be attending the trial, would rather remain private and confidential. Bailey's attorney stated that all of these factors resulted in Bailey requesting a bench trial.

The foregoing record evidence leaves no doubt that Bailey knowingly and voluntarily waived his right to a jury trial, giving his express and intelligent consent, as is required by law. *See United States v. Diaz*, 540 F.3d 1316, 1321 (11th Cir. 2008) ("A defendant may waive his Sixth Amendment right to a jury trial when: (1) he gives express, intelligent consent; (2) the government consents; and (3) the waiver is approved by the responsible judgment of the trial court.") (internal quotation marks omitted).

Nonetheless, after having been convicted, Bailey now frivolously alleges that there is a reasonable probability that based upon the evidence, 12 individual jurors would *not* have unanimously convicted him. To the contrary, the evidence of guilt was overwhelming. Bailey's crimes were on video. This Court found sufficient evidence to convict on all counts, as detailed in its Findings of Fact entered after trial. Additionally, the Eleventh Circuit has already found that there was sufficient evidence to support the conviction as to count four (the only count in which sufficiency of the evidence was raised as a claim on appeal).

Accordingly, not only were Bailey's attorneys' actions in thoroughly discussing with him and advising him of his option to waive his right to a trial by jury strategic and objectively reasonable under the totality of the circumstances, there was no prejudice to Bailey. Furthermore, an evidentiary hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Because it is without merit as contradicted by the record, Bailey is not entitled to an evidentiary hearing on this claim.

## IV.    Conclusion

For the aforementioned reasons, Bailey's § 2255 motion is due to be denied and this action dismissed with prejudice. Additionally, the Court declines to issue a

17

certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Bailey's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Bailey's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON APRIL 19, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704